# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| EDWINA MAE CLAYPOOL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NANCY A. BERRYHILL,[1] ) <br> Acting Commissioner of ) <br> Social Security, ) <br> ) <br> Defendant. ) | Case No. 5:16-cv-00661-SGC |

## **MEMORANDUM OPINION**[2]

The plaintiff seeks review of the final decision of the Commissioner of Social Security denying her application for a period of disability and disability insurance benefits ("DIB"). (Doc. 1). The plaintiff timely pursued and exhausted her administrative remedies, and the case is therefore ripe for review pursuant to 42 U.S.C. § 405(g).

**I. FACTS, FRAMEWORK, AND PROCEDURAL HISTORY**

At the time she applied for benefits, December 7, 2012 (R. 99), the plaintiff was fifty-one years old (R. 54). She is a high school graduate with past relevant

---

[1] Nancy A. Berryhill became Acting Commissioner of Social Security on January 23, 2017. *See* https://www.ssa.gov. Pursuant to Fed.R.Civ.P. 25(d), Nancy A. Berryhill is substituted as the defendant in this action.

[2] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 12).

work as a unit clerk and a receptionist. (R. 47, 170). She claimed a disability onset date of March 13, 2012, due to epilepsy, spondylolisthesis, memory loss, cognitive loss, sleep apnea, and depression. (R. 169-70). After the Social Security Administration ("SSA") denied her application (R. 68), the plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on October 28, 2014. (R. 34). After the hearing, the ALJ found the plaintiff did not have an impairment or a combination of impairments listed in, or medically equivalent to, one listed in the Listings of Impairments. (R. 20). The ALJ further found the plaintiff retained the residual functional capacity to perform sedentary work (R. 21) and that she could return to her past relevant work as a receptionist. (R. 25). In light of these findings, the ALJ denied the plaintiff's request for a period of disability and DIB on January 9, 2015. (*Id.*).

The plaintiff requested the Appeals Council review the ALJ's decision (R. 2), which the Appeals Council denied. (R. 3). Therefore, the ALJ's decision is the final decision of the Commissioner of Social Security. (*Id.*) The plaintiff then filed the appeal in this court on April 25, 2016, seeking reversal and remand of the Commissioner's decision. (Doc. 1; Doc. 13 at 12).

The regulations require the Commissioner to follow a five-step sequential evaluation to determine whether a claimant is eligible for a period of disability and DIB. *See* 20 C.F.R. § 404.1520(a)(1)-(2). First, the Commissioner must determine

whether the claimant is engaged in "substantial gainful activity." *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If the claimant is engaged in substantial gainful activity, the Commissioner will find that the claimant is not disabled, regardless of the claimant's medical condition or her age, education, and work experience. 20 C.F.R. § 404.1520(b). If the claimant is not engaged in substantial gainful activity, the Commissioner must next determine whether the claimant suffers from a severe impairment or combination of impairments that significantly limit the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(a)(4)(ii), (c). The burden is on the claimant to "provide medical evidence showing ... impairment(s)" and the severity of them during the time the claimant alleges disability. 20 C.F.R. § 404.1512(c). An impairment is "severe" if it "significantly limits [a] claimant's physical or mental ability to do basic work activities." *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997). "An impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984).

If the claimant has a severe impairment, the Commissioner must then determine whether the claimant's impairment meets the duration requirement and whether it is equivalent to any one of the listed impairments. 20 C.F.R. §

404.1520(a)(4)(iii), (d)-(e); § 404.1525; § 404.1526. Listed impairments are so severe that they prevent an individual from performing substantial gainful activity. 20 C.F.R. § 404.1520(d); *see* 20 C.F.R. pt. 404, Subpart P, Appendix 1 (The Listings). If the claimant's impairment meets or equals a Listing, the Commissioner must find the claimant disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. § 404.1520(d). If the impairment does not meet or equal the criteria of any Listing, the claimant must prove that her impairment prevents her from performing her past relevant work. *See* 20 C.F.R. § 404.1520(a)(4)(iv), (f).

At step four, the Commissioner "will first compare [the Commission's] assessment of [the claimant's] residual functional capacity ["RFC"] with the physical and mental demands of [the claimant's] past relevant work. 20 C.F.R. § 404.1560(b). If the claimant is capable of performing her past relevant work, the Commissioner will find she is not disabled. 20 C.F.R. § 404.1560(b)(3). If the claimant establishes that she is unable to perform her past relevant work, the Commissioner must show that the claimant—in light of her RFC, age, education, and work experience—is capable of performing other work that exists in substantial numbers in the national economy. 20 C.F.R. § 404.1560(c)(1). If the claimant is not capable of performing such other work, the Commissioner must find the claimant is disabled. 20 C.F.R. § 404.1520(g).

Applying these steps, the ALJ determined the plaintiff had not engaged in substantial gainful employment since her alleged onset date. (R. 18). At step two, the ALJ considered only the plaintiff's degenerative disc disease to be a severe impairment, finding the plaintiff's seizure disorder, obstructive sleep apnea, obesity, and depression to be non-severe because they did not significantly affect the plaintiff's ability to do work. (R. 18-19). Next, the ALJ found the plaintiff did not have an impairment or combination of impairments that met or medically equaled any Listing. (R. 20). The ALJ determined the plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), including the ability to carry and lift up to ten pounds; stand and/or walk four of eight hours; never climb ladders, ropes or scaffolds; occasionally balance, stoop, crouch, kneel, and crawl; occasionally push and pull with her legs; avoid concentrated exposure to temperature extremes and vibrations; and avoid dangerous machinery, unprotected heights, and large bodies of water. (R. 21). At step four, considering this RFC, the ALJ determined the plaintiff court return to her past relevant work as a receptionist. (R. 25).

## II. STANDARD OF REVIEW

In reviewing claims brought under the Social Security Act, this court is limited to an inquiry into whether substantial evidence exists to support the findings of the Commissioner and whether the correct legal standards were

applied. *Stone v. Comm'r of Soc. Sec.*, 544 Fed. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). The court gives deference to the factual findings of the Commissioner but reviews questions of law *de novo*. *Ingram v. Comm'r of Soc. Sec.,* 496 F.3d 1253, 1260 (11th Cir. 2007). The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]," *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005), rather it must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015). "The Commissioner's factual findings are conclusive if supported by substantial evidence." *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). "Substantial evidence is less than a preponderance, but rather such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir.2005).

### III. DISCUSSION

The plaintiff contends the ALJ failed to properly evaluate the credibility of the plaintiff's complaints of back pain consistent with the Eleventh Circuit pain standard and that the ALJ failed to properly articulate good cause to accord less than controlling weight to the opinion of the plaintiff's treating physician. (Doc. 13 at 4, 9).

## A. Failure to Apply the Pain Standard Properly

In this Circuit, when a claimant attempts to establish disability through her own testimony of pain and other subjective symptoms, a three-part "pain standard" applies. *Wilson*, 284 F.3d at 1225. The pain standard requires:

> (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Dyer*, 395 F.3d at 1210 (quoting *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)).

An ALJ may discredit a claimant's subjective testimony of pain and other symptoms if she articulates explicit and adequate reasons for doing so. *Wilson*, 284 F.3d at 1225. Although the Eleventh Circuit does not require explicit findings as to credibility, "the implication must be obvious to the reviewing court." *Dyer*, 395 F.3d at 1210 (*quoting Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995)). When evaluating whether substantial evidence supports an ALJ's credibility determination, "[t]he question is not ... whether [the] ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 Fed. App'x 935, 939 (11th Cir. 2011). Succinctly stated, this court may not consider whether or not it would make the same decision as the ALJ, but rather must look to whether "'the record as a

7

whole' shows the ALJ's decision is 'reasonable and supported by substantial evidence.'" *Wright v. Barnhart*, 153 Fed. App'x 678, 683 (11th Cir. 2005) (*quoting Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Here, the plaintiff testified that she suffers from low back pain in the morning, leg weakness, and nerve pain. (R. 39). The ALJ noted that, despite the plaintiff's testimony concerning disabling back pain, the plaintiff cooked and did housework; had a normal gait, range of motion, and muscle strength; and reported to doctors that her pain was controlled with medication. (R. 22-23). Furthermore, the plaintiff reported she could drive, cook meals, go grocery shopping, take care of pets, and see to her own needs. (R. 23, 40, 45, 191, 193). Although the plaintiff testified she could sit for thirty minutes at a time, she also stated she could drive a car for an hour before she would need to stop. (R. 44, 45). She knit as a hobby and could walk twenty minutes at a time. (R. 45). Clearly, the decision of the ALJ regarding the severity of the plaintiff's pain is supported by substantial evidence. Without "reweigh[ing] the evidence, or substitut[ing] [its] judgment for that of the [Commissioner]," *Dyer*, 395 F.3d at 1210, this court cannot find that the ALJ failed to properly apply the severity prong of the Eleventh Circuit pain standard. *See also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986) ("The weighing of evidence is a function of the factfinder, not of the district court.").

## B. Rejection of a Treating Physician's Opinion

The plaintiff next contends the ALJ improperly rejected the opinion of Dr. Larry Parker, one of the plaintiff's treating physicians. (Doc. 13 at 9-11). The plaintiff is correct that the opinion of a treating physician is entitled to great weight absent "good cause" to the contrary. "'Good cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004).

Here, the ALJ rejected the Medical Source Opinion completed by Dr. Parker (R. 545-46), noting it was not well supported by the plaintiff's treatment records or activities of daily living. (R. 24). In December 2012, after the removal of hardware from her back, the plaintiff was noted to have "some residual back pain but overall is better" and had 5/5 motor strength.[3] (R. 353). The plaintiff's treating neurologist noted later that month that the plaintiff was "doing well." (R. 360). In February 2013, the plaintiff reported to her psychiatrist that her pain issues had improved following her surgery. (R. 363). At a follow up visit in March 2013, Dr. Parker noted that the plaintiff was "overall well" with back pain in the morning,

---

[3] The plaintiff was instructed to continue on a self-directed exercise program (R. 353) although she testified at her hearing that she was never told to do exercises at home. (R. 39). Similarly, the plaintiff testified that her doctors never told her to lose weight (R. 40); however, her medical records contain doctors' encouragements to do just that (R. 361, 441).

5/5 motor strength, and good range of motion. (R. 400). Again in June 2013, Dr. Parker found that the plaintiff was "doing well," with subjective back pain but 5/5 motor strength and good range of motion. (R. 430). He noted the plaintiff "managed well" on her pain medication and therefore continued her prescriptions. (*Id.*).

In January 2014 the plaintiff was seen for pain management and reported aching pain in her low back at a current severity of a 5/10 but stated at its worst her pain was an 8/10. (R. 449-50). The plaintiff was prescribed pain medication and steroidal shots in her spine. (R. 452-454). At her therapy session in February 2014, the plaintiff reported her back was "feeling better." (R. 515). At her April 2014 visit, the plaintiff was noted to have had a "30-40% improvement," and although her pain was still present, it was not as intense or severe. (R. 472). At a follow up visit in June 2014, the plaintiff was "not in pain at this moment." (R. 463, 477). She further reported that the steroidal shots did not help but Lyrica was really helping and asked if she could increase the dosage. (R. 467).

With this back drop, Dr. Parker completed a Medical Source Opinion (Physical) in which he opined the plaintiff could walk less than fifteen minutes at a time, sit for less than one hour at a time, and stand less than thirty minutes at a time. (R. 545). However, Dr. Parker did not state any clinical basis for this assessment, and the limitations proffered by him are more restrictive than what the

10

plaintiff herself testified at her hearing she could do. Dr. Parker further stated the plaintiff could lift five pounds, but carry ten pounds constantly, and occasionally lift and carry twenty pounds. (*Id.*). This is within the limitations of the ALJ's RFC and within the limitations the ALJ considered in finding the plaintiff not disabled. Moreover, the ALJ noted the plaintiff's self-reported activities were not consistent with Dr. Parker's opinion concerning the plaintiff being limited to sitting, standing, and walking less than six hours in an eight hour work day. (R. 24). Rather than "playing doctor," as the plaintiff accuses the ALJ (Doc. 13 at 11), the ALJ properly carried out her role as an adjudicator responsible for determining the plaintiff's RFC. *See Castle v. Colvin*, 557 Fed. App'x 849, 853 (11th Cir. 2014).

## IV. CONCLUSION

For the reasons set forth above, the court finds the decision of the Commissioner is supported by substantial evidence and due to be affirmed. An order in accordance will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 1st day of September, 2017.

STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE